IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| KASSAN KHALID MORGAN, )<br>    Petitioner, )<br>vs. )<br>)<br>NATHANIEL QUARTERMAN, Director, )<br>Texas Department of Criminal )<br>Justice, Correctional Institutions Division, )<br>    Respondent. | No. 3:07-CV-1257-O (BH)<br><br>Referred to U.S. Magistrate Judge |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b) and an Order of the Court, this case has previously been referred to the United States Magistrate Judge for findings, conclusions, and recommendation.

### I. BACKGROUND

**A. Nature of the Case**

Petitioner filed his petition for writ of habeas corpus pursuant to 28 U.S.C. §§ 2254. Respondent is Nathaniel Quarterman, Director of TDCJ-CID.

**B. Procedural History**

On May 25, 2005, after pleading not guilty and waiving his right to a jury trial, petitioner was tried, convicted, and sentenced by the trial judge to twenty years in prison for aggravated robbery of an elderly person, enhanced by a previous felony conviction for possession of a controlled substance. (Trial Transcript at 2, 12; R. 1:5, 34, 40).

Petitioner filed an appeal challenging the factual sufficiency of the evidence. The Sixth District Court of Appeals affirmed petitioner's conviction in an unpublished opinion. *Morgan v.*

1

*State*, No. 06-05-00166-CR (Tex. App. – Texarkana, January 12, 2006, no pet.). On April 6, 2006, petitioner filed his first state application for writ of habeas corpus in which he again challenged the factual sufficiency of the evidence to support his conviction. (State Habeas Transcript [WR-64,771-01] at 2, 8). On July 19, 2006, the Court of Criminal Appeals denied petitioner's state application without written order on the findings of the trial court without an evidentiary hearing. *Id.* at cover. On February 22, 2007, petitioner filed a second state writ application in which he alleged that: 1) there was no evidence to support his conviction; 2) his trial counsel was ineffective for failing to make any objections, file any motions, find any witnesses, find out why petitioner was stopped by police, or question the arresting officer; 3) his appellate attorney was ineffective for failing to file motions on his behalf or raise more than one point of error; and 4) the prosecution committed misconduct by conducting an improper in-court identification, by making no attempt to produce factual evidence, and by misleading the jury by making factually impossible claims during trial. (S.H.Tr. [WR-64,771-01] at 2, 7-8). On May 9, 2007, the Court of Criminal Appeals dismissed petitioner's second application as a subsequent application pursuant to article 11.07 § 4(a) of the Texas Code of Criminal Procedure. (*Id.* at cover.)

On July 12, 2007, petitioner filed his petition for federal habeas relief. Respondent filed an answer on November 30, 2007, (*see* Answer), and provided the state court records.

**B. Substantive Issues**

Petitioner asserts the following grounds for relief:

(1) trial counsel was ineffective for

- failing to investigate why petitioner was stopped by the police or investigate the descriptions given by the witnesses of the attacker (ground one),

> -failing to argue petitioner's innocence at trial (ground one),
>
> -failing to consult with petitioner and keep him informed (ground two),
>
> -failing to object to improper in-court identification procedure (ground two), and
>
> -failing to object to the improper identification procedures used by the police at the scene (ground two);

(2) appellate counsel was ineffective for only raising one point of error and failing to argue that trial counsel was ineffective (ground two);

(3) there is no or insufficient evidence to support his conviction (ground three);

(4) the identification procedures used before and during trial were unnecessarily suggestive (ground four);

(5) the arresting officer had no reasonable suspicion or probable cause to stop him (ground four);

(6) the prosecution presented perjured testimony from the two eyewitnesses (ground four); and

(7) his conviction was obtained in violation of the Universal Declaration of Human Rights (grounds one, three, and four).

## C. Procedural Issues

Respondent contends that petitioner has not sufficiently exhausted his state remedies with respect to any of his grounds for relief. Respondent does not seek dismissal for the failure to exhaust, however. Instead, he seeks dismissal on the related ground of procedural bar.

## II. PROCEDURAL BAR

Respondent asserts that petitioner has procedurally defaulted all of his grounds for relief by not presenting them to the Texas Court of Criminal Appeals. (*See* Answer at 4.)

In general, federal courts may not review a state court decision that rests on an adequate and

independent state procedural default unless the habeas petitioner shows "cause" for the default and "prejudice attributable thereto" or demonstrates that the failure to consider the federal claim will result in a "fundamental miscarriage of justice." *Harris v. Reed*, 489 U.S. 255, 262 (1989). When the last state court to review a claim clearly and expressly states that its judgment rests on a procedural bar, the procedural default doctrine generally bars federal review. *See id.*; *Lowe v. Scott*, 48 F.3d 873, 875 (5th Cir. 1995). Furthermore, when a claim has not been reviewed by the state's highest court, this Court may find such claim procedurally barred. *See Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The general rule that a state court must explicitly apply a procedural bar to preclude federal review does not apply when a petitioner has not presented his claims to the highest court of the state, and the state court to which he would be required to present his claims would now find the claims procedurally barred. *Id.*

To present a claim to the highest state court means that the petitioner has fairly presented such claim to the correct court in a procedurally proper manner. *See Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir. 1982). One does not "fairly present" the substance of a particular claim by raising a claim based upon a different legal theory. *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001). "It is not enough that all the facts necessary to support the . . . claim were before the state courts or that a somewhat similar state-law claim was made." *Anderson v. Harless*, 459 U.S. 4, 6 (1982) (citation omitted).

Here, petitioner did not file a petition for discretionary review and did not raise any of the claims in his federal petition in his first state application for writ of habeas corpus, which was denied

4

on its merits.[1] Petitioner then raised some of the claims in his federal petition in his second state writ, including his insufficient evidence claim, portions of his ineffective assistance of counsel claims, and his improper in-court identification procedure claim. The Texas Court of Criminal Appeals expressly and unambiguously dismissed that writ pursuant to the Texas abuse-of-the-writ doctrine. *See* TEX. CODE CRIM. PRO. ANN. art. 11.07, § 4. (S.H.Tr. [WR-64,771-02]:cover). That doctrine "prohibits a second [state] habeas petition, absent a showing of cause, if the applicant urges grounds therein that could have been, but were not, raised in his first habeas petition." *Nobles v. Johnson*, 127 F.3d 409, 423 (5th Cir.1997) (footnote omitted). "[A]rticle 11.07 § 4 is an adequate and independent state procedural ground to bar federal habeas review and ... has been strictly and regularly applied since 1994." *Smith v. Johnson*, 216 F.3d 521, 523 (5th Cir.2000). When such a state procedural ground exists, "federal courts ordinarily will not review questions of federal law." *Id*. Moreover, were this Court to require petitioner to now present the remainder of his claims not raised in his second state writ to the Texas Court of Criminal Appeals, the claims would be subject to dismissal under the Texas abuse-of-the-writ doctrine, as well. Consequently, unless petitioner can overcome the procedural bar, the defaulted claims raised in the instant petition will not be further considered.

To overcome the procedural bar, a petitioner must demonstrate "(1) cause for the procedural default and actual prejudice as a result of the alleged violation of federal law or (2) that failure to consider his claims will result in a fundamental miscarriage of justice." *Id.* at 524 (quoting *Pitts v. Anderson*, 122 F.3d 275, 279 (5th Cir. 1997)). Petitioner has shown no cause for failing to raise the

---

[1] While petitioner does argue in his federal petition that there is no evidence or insufficient evidence to support his conviction, in his state writ he specifically argued that the evidence is *factually* insufficient to support his conviction, a distinct claim.

5

claims to the Texas Court of Criminal Appeals and has therefore not overcome the procedural bar under the cause and prejudice test. Further, he has neither alleged nor shown that consideration of the defaulted claims is necessary to prevent a miscarriage of justice. The miscarriage of justice exception is "confined to cases of actual innocence, 'where the petitioner shows, as a factual matter, that he did not commit the crime of conviction.'" *Fairman v. Anderson*, 188 F.3d 635, 644 (5th Cir. 1999) (quoting *Ward v. Cain*, 53 F.3d 106, 108 (5th Cir. 1995)). While petitioner complains about the quality of the evidence presented in support of his conviction, he has not shown himself to be actually innocent of the crime for which he was convicted.

For all of these reasons, petitioner has not overcome the state procedural bar. Accordingly, the procedural default doctrine bars federal habeas relief on all of the grounds raised by petitioner in his federal petition.

### III. RECOMMENDATION

The Court should find the request for habeas corpus relief brought pursuant to 28 U.S.C. § 2254 procedurally barred and **DISMISS** it with prejudice.

SIGNED on this 18th day of March, 2009.

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

**INSTRUCTIONS FOR SERVICE AND**
**NOTICE OF RIGHT TO APPEAL/OBJECT**

      The United States District Clerk shall serve a copy of these findings, conclusions, and recommendation on all parties by mailing a copy to each of them. Pursuant to 28 U.S.C. § 636(b)(1), any party who desires to object to these findings, conclusions and recommendation must file and serve written objections within ten (10) days after being served with a copy. A party filing objections must specifically identify those findings, conclusions, or recommendation to which objections are being made. The District Court need not consider frivolous, conclusory or general objections. Failure to file written objections to the proposed findings, conclusions, and recommendation within ten days after being served with a copy shall bar the aggrieved party from appealing the factual findings and legal conclusions of the Magistrate Judge that are accepted by the District Court, except upon grounds of plain error. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (*en banc*).

                                                     IRMA CARRILLO RAMIREZ
                                                     UNITED STATES MAGISTRATE JUDGE